## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
LAURIE C. BAY,                          )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        No. 07-02258(ESH)
                                        )
WASHINGTON METROPOLITAN                 )
AREA TRANSIT AUTHORITY,                 )
                                        )
and                                     )
                                        )
JOHN B. CATOE                           )
General Manager                         )
600 Fifth St., N.W.                     )
Washington, D.C. 20001,                 )
                                        )
        Defendants.                     )
_____        )

## DEFENDANTS' ANSWER

### FIRST DEFENSE

The Complaint, and each and every claim for relief therein, fails to state a claim upon

which relief may be granted.

### SECOND DEFENSE

        The introductory paragraphs of plaintiff's complaint are mere characterizations of

the case and require no answer.  To the extent an answer is required, defendants deny

said allegations.

        1.      Defendants admit the allegations of paragraph 1 of the Complaint.

        2.      Defendants admit the allegations of paragraph 2 of the Complaint, but

1

deny that defendant Catoe is a proper defendant in this action.

3.      Defendants admit the first sentence of paragraph 3 of the Complaint. Defendants admit that WMATA is an employer under 42 U.S.C. § 2000e(b) and 20 U.S.C. §630(b), but deny that this is an age discrimination case to which section 630(b) is relevant.

4.      Defendants admit the allegations of paragraph 4 of the Complaint.

5.      Defendants admit the first sentence of paragraph 5 of the Complaint, and allege, further, that jurisdiction is proper under the WMATA Compact, Pub. L. No. 89-774, 80 Stat. 1324 (1966).  Defendants admit that a Right to Sue letter was issued on September 17, 2007, but lack sufficient knowledge, information or belief as to when plaintiff received said letter and therefore deny said allegation.[1]

6.      Defendants admit the allegations of paragraph 6 of the Complaint.

7,      Defendants admit the allegations of paragraph 7 of the Complaint, but deny that defendant Catoe is a proper defendant in this action.

8.      Defendants admit the allegations of paragraph 8 of the Complaint.

9.      Defendants admit that, upon receipt of plaintiff's letter of resignation, Mr. Froelke informed plaintiff that she need not return to work except to return WMATA property and that she was paid through June 1, 2007.  Except as expressly admitted, defendants deny each and every allegation of paragraph 9 of the Complaint.

10.      Defendants admit the first sentence of paragraph 10 of the Complaint.

---

[1]Defendants' ability to respond to some of the specific allegations of the complaint is hampered by the absence of Mr. Froelke, the head of the Office of Employee and Labor Relations, due to an unexpected medical condition.

Defendants lack sufficient knowledge, information or belief to answer the second sentence and on that basis deny the second sentence.

11.    Defendants admit that the position of Manager of Arbitration was posted. Defendants position announcement speaks for itself and requires no answer.  To the extent an answer is required, Defendants deny all remaining allegations.

12.    Defendants admit the allegations of paragraph 12 of the Complaint.

13.    Defendants admit that plaintiff performed some of Ms. Brodnax's duties prior to filling that position.  Defendants further admit that plaintiff requested acting pay at some point in time.  Except as expressly admitted, defendants deny the remaining allegations of paragraph 13 of the Complaint.

14.    Defendants deny the first sentence of paragraph 14.  Defendants admit that they hired Mrs. Oratokhai at a salary of $108,306.00.  Defendants admit that this salary was greater than plaintiff's then current salary.  Defendants allege that the second sentence is too vague as to time to permit an answer and on that basis deny said allegation.

15.    Defendants admit that plaintiff filed a grievance and a Public Access to Record Policy ("PARP") request.  Defendants are unable to speculate on plaintiff's state of mind in filing those documents and on that basis deny the remaining allegations of paragraph 15 of the Complaint.

16.    Defendants admit the allegations of paragraph 16 of the Complaint.

17.    Defendants admit that plaintiff sought acting pay and states that plaintiff consented to said transfer.  Except as expressly admitted, defendants deny the remaining allegations of paragraph 17 of the Complaint.

3

18.    Defendants admit that upon plaintiffs' transfer to Bladensburg, her workload temporarily increased because she assumed some of the duties of the former incumbent of that position.  Except as expressly admitted, defendants deny the remaining allegations of paragraph 18.

19.    Defendants admit the allegations of paragraph 19 of the Complaint, but deny that plaintiff was subjected to any discrimination or disparate treatment based upon her race.

20.    Defendants admit that plaintiff requested the acting pay for Senior labor Relations Officer from Mr. Froelke, and that said request was not granted.  Except as expressly admitted, defendants deny each and every allegation of paragraph 20 of the Complaint.

21.    Defendants admit the allegations of paragraph 21 of the Complaint.

22.    Defendants lack sufficient knowledge, information or belief to answer the allegations of paragraph 22 and on that basis deny said allegations.

23.    Defendants deny the allegations of paragraph 23 of the Complaint.

24.    Defendants admit that plaintiff's application for the position for Senior Labor Relations Officer was not considered because of a mistake by Human Resources.  Except as expressly admitted, defendants deny the allegations of paragraph 24 of the Complaint.

25.    Defendants admit the allegations of paragraph 25.

26.    Defendants admit that in March, 2007, plaintiff was given a 6.5% salary increase when she was promoted to the position of Senior Labor Relations Officer.  Defendants lack sufficient knowledge, information or belief to answer the remaining

4

allegations of paragraph 26 of the Complaint and on that basis deny said allegations.

27.    Defendants admit that plaintiff's performance evaluation in 2006 was "exceeds expectations." Defendants deny the remainder of the allegations of paragraph 27 of the Complaint.

28.    Defendants lack sufficient knowledge, information or belief to answer the allegations of the first sentence of paragraph 28 and on that basis deny said allegations. Defendants deny the second sentence. The third sentence is too vague as to time to permit an answer and on that basis, defendants deny said allegations.

29.    The allegation of "the time period in question" is too vague to answer and on that basis defendants deny that portion of the allegations of the first sentence of paragraph 29 of the Complaint. Defendants deny the remaining allegations of paragraph 29 of the Complaint.

30.    Defendants admit that John Marshall was promoted to Senior Labor Relations Office from Labor Relations Officer by William F. Scott, the former Deputy General Manager of Workforce Development and Administration, and that Mr. Scott is an African American male. Defendants lack sufficient knowledge, information or belief to answer the remaining allegations of paragraph 30 and on that basis deny said allegations.

31.    Defendants admit that on or about May 3, 2007, Mrs. Oratokhai's position was the subject of a reduction in force and that Mrs. Oratokhai's employment was terminated. Defendants admit that plaintiff was not considered for the position because it was abolished. Except as expressly admitted, defendants deny the remaining allegations of paragraph 31 of the Complaint.

32.    Defendants admit that upon the departure of Mrs. Oratokhai, plaintiff and the other Caucasian labor relations officer assumed some of Mrs. Oratokhai's case load.  Defendants lack sufficient knowledge, information or belief to answer the remaining allegations of paragraph 32 and on that basis deny said allegations.

33.    Defendants admit the allegations of paragraph 33 of the Complaint.

34.    Defendants admit that upon receipt of plaintiff's resignation, Mr. Froelke informed plaintiff that she need not return to work except to return WMATA property and that she would be paid through June 1, 2007.  Defendants deny the remaining allegations of paragraph 34 of the Complaint.

35.    Defendants incorporate by reference paragraphs 1-34 in answer to paragraph 35 of the Complaint.

36.    Defendants admit that plaintiff is a Caucasian female and is informed and believes that she was a licensed attorney when she worked for WMATA.  Defendants lack sufficient knowledge, information or belief to answer the remaining allegations of paragraph 35 of the Complaint and on that basis deny said allegations.

37.    Defendants admit the first, second and third sentences of paragraph 37. Defendants lack sufficient knowledge, information or belief to answer the fourth sentence and on that basis deny said allegations.

38.    Defendants admit the allegations of paragraph 38 of the Complaint.

39.    Defendants admit that Ms. Brodnax supervised plaintiff and an administrative assistant.  Defendants deny the remaining allegations of paragraph 39 of the Complaint.

40.    Defendants admit that plaintiff and Mrs. Brodnax handled the bulk of

6

arbitrations between them during Mrs. Brodnax's tenure.  Except as expressly admitted, defendants deny the remaining allegations of paragraph 40.

41.    Defendants admit that following Ms. Brodnax's departure, plaintiff continued to perform her regularly assigned duties as Labor Relations Officer. Defendants lack sufficient knowledge, information or belief as to the remaining allegations of paragraph 41 and on that basis deny said allegations.

42.    Defendants admit that in September 2006 a vacancy announcement for the position of the Manager of Arbitration was posted and advertised internally at WMATA and externally.  Defendants admit that the vacancy announcements were similar but deny that they were identical.  Defendants deny that the Job Description for the Manager position was identical to the Job Description used when Ms. Brodnax was recruited as the Job Description was updated on August 31, 2006.  Defendants lack sufficient knowledge, information or belief as to the remaining allegations of paragraph 42 and on that basis deny said allegations.

43.    Defendants admit the allegations of paragraph 43 of the Complaint.

44.    Defendants admit the allegations of paragraph 44 of the Complaint.

45.    Defendants admit the allegations of paragraph 45 of the Complaint.

46.    Defendants admit the allegations of paragraph 46 of the Complaint.

47.    Defendants admit the allegations of paragraph 47 of the Complaint.

48.    Defendants admit that Teresa Bailey, Director of Civil Rights departed her employment at WMATA in January 2007.  Defendants further admit that complaints of discrimination had been filed against WMATA in which she was the alleged discriminating official.  Except as admitted, Defendants deny the allegations of

7

paragraph 48 of the Complaint.

49.    Defendants admit the allegations of paragraph 49 of the Complaint.

50.    Defendants admit the first and second sentences of paragraph 50 of the Complaint.  Except as expressly admitted, defendants deny the remaining allegations of paragraph 50 of the Complaint.

51.    Defendants admit that plaintiff's request for acting pay was denied. Defendants deny that plaintiff performed all the duties of the Manager positions. Defendants deny the remaining allegations of paragraph 51 of the Complaint.

52.    Defendants lack sufficient knowledge, information or belief to answer the allegations of paragraph 52 and on that basis deny said allegations.

53.    Defendants admit the allegations of paragraph 53 of the Complaint.

54.    Defendants admit the allegations of the first sentence of the complaint. Defendants deny the remaining allegations of paragraph 54 of the Complaint.

55.    Defendants admit that the documents provided to plaintiff show that there were 36 Caucasian females holding managerial or supervisory positions at WMATA. Defendants deny the remaining allegations of paragraph 55.

56.    The vacancy announcement speaks for itself and no answer is required.

57.    WMATA's records speak for themselves and no answer is required.  To the extent an answer is required, defendants deny the remaining allegations of paragraph 57 of the Complaint.

58.    Defendants admit the first sentence of paragraph 58 of the Complaint. Defendants deny the allegations of the second sentence of paragraph 58.  Defendants lack sufficient knowledge, information or belief to form an answer to the third sentence

8

and on that basis deny said allegations.

59.    Defendants deny the allegations of paragraph 59.

60.    Defendants deny the allegations in the first sentence of paragraph 60. Defendants state that the position description and vacancy announcement speak for themselves and require no answer.  To the extent an answer is required, Defendants deny said allegations.

61.    Defendants deny the allegations of paragraph 61 of the Complaint.

62.    Defendants lack sufficient knowledge, information or belief to form an answer to paragraph 62 of the Complaint and on that basis deny said allegations.

63.    Defendants lack sufficient knowledge, information or belief to form an answer to paragraph 63 of the Complaint and on that basis deny said allegations.

64.    Defendants deny the allegations of paragraph 64 of the Complaint.

65.    Defendants lack sufficient knowledge, information or belief to form an answer to paragraph 65 of the Complaint and on that basis deny said allegations.

66.    Defendants lack sufficient knowledge, information or belief to form an answer to paragraph 66 of the Complaint and on that basis deny said allegations.

67.    Defendants deny the allegations of paragraph 67 of the Complaint.

68.    Defendants deny the allegations of paragraph 68 of the Complaint.

69.    Defendants deny the allegations of paragraph 69 of the Complaint.

70.    The allegations of paragraph 70 of the Complaint are too vague and ambiguous to permit an answer.  To the extent an answer is required, defendants deny said allegations.

71.    The allegations of paragraph 71 of the Complaint are too vague and

ambiguous to permit an answer.  To the extent an answer is required, defendants deny said allegations.

72.    The allegations of paragraph 72 of the Complaint are too vague and ambiguous to permit an answer.  To the extent an answer is required, defendants deny said allegations.

73.    Defendants lack sufficient knowledge, information or belief to admit or deny the allegations of paragraph 73 of the Complaint and on that basis deny said allegations.

74.    Defendants deny the allegations of paragraph 74 of the Complaint.

75.    Defendants deny the allegations of paragraph 75 of the Complaint.

76.    Defendants deny the allegations of paragraph 76 of the Complaint.

77.    Defendants deny the allegations of paragraph 77 of the Complaint.

78.    Paragraph 78 of the Complaint is too vague and ambiguous as to whom the "new employee in question" is to permit an answer, and on that basis defendants deny the allegations of paragraph 78 of the Complaint.

79.    Defendants lack sufficient knowledge, information or belief to answer the allegations of paragraph 79 of the Complaint and on that basis deny said allegations.

80.    Defendants deny the allegations of paragraph 80 of the Complaint.

81.    Defendants lack sufficient knowledge, information or belief to answer the allegations of paragraph 81 of the Complaint and on that basis deny said allegations. Defendants deny the remaining allegations of paragraph 81 of the Complaint.

82.    Defendants state that the phrase "at the time" is too vague and ambiguous to answer.  To the extent an answer is required, defendants deny the

allegations of paragraph 82 of the Complaint.

83.    Defendants incorporate by reference paragraphs 1-82 in response to paragraph 83 of the Complaint.

84.    Defendants admit the allegations of paragraph 84 of the Complaint.

85.    Defendants admit that they did not release Ms. Oratokhai's personnel records pursuant to WMATA's privacy policies.

86.    Defendants admit that they denied plaintiff's grievance.  Except as expressly admitted, defendants deny the remaining allegations of paragraph 86 of the Complaint.

87.    Defendants admit that plaintiff was transferred to the Bladensburg Road office with her consent.  Except as expressly admitted, defendants deny the allegations of paragraph 87 of the Complaint.

88.    Defendants admit that they informed plaintiff that she would not receive acting pay.  Except as expressly admitted, defendants deny the remaining allegations of paragraph 88 of the Complaint.

89.    Defendants deny the allegations of paragraph 89 of the Complaint.

90.    Defendants deny the allegations of paragraph 90 of the Complaint.

91.    Defendants admit that plaintiff was given a 6.5% salary increase.  Except as expressly admitted, defendants lack sufficient information or belief to answer the remaining allegations of paragraph 91 of the Complaint and on that basis deny said allegations.

92.    Defendants admit that Ms. Oratokhai's position was subject to a reduction in force and that, as a result, Ms. Oratokhai's employment was terminated and that no

one could subsequently apply for the position.  Except as expressly admitted, defendants deny the allegations of paragraph 92 of the Complaint.

93.    Defendants lack sufficient knowledge, information or belief to answer the allegations of paragraph 93 of the Complaint and on that basis deny said allegations.

94.    Defendants admit that plaintiff gave notice of her resignation in late May 2007.  Except as expressly admitted, plaintiff denies the allegations of paragraph 94 of the Complaint.

95.    Defendants admit that they requested that plaintiff not return to work after returning her WMATA possessions and was paid through June 1, 2007.  Except as expressly admitted, defendants deny the remaining allegations of paragraph 95 of the Complaint.

The prayer for relief requires no answer.  To the extent an answer is required, defendants deny that they violated any law or that plaintiff suffered any damages.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to mitigate damages.

## FOURTH DEFENSE

Plaintiff voluntarily resigned, thereby terminating any further entitlement to damages.

## FIFTH DEFENSE

Plaintiff'S claims are barred by the doctrine of estoppel.

## SIXTH DEFENSE

Plaintiff suffered no adverse action to support a claim for retaliation.

## SEVENTH DEFENSE

Plaintiff fails to state a *prima facie* case for discrimination or retaliation by establishing that Defendant is the unusual employer that discriminates against the majority.

Respectfully submitted,

_____/s/_____
Mark F. Sullivan#430876
Deputy General Counsel

_____/s/_____
Bruce P. Heppen #252171
Associate General Counsel

_____/s/_____
David J. Shaffer #413484
Assistant General Counsel
600 Fifth St., N.W.
Washington, D.C. 20001
(202) 962-2820
Dshaffer@wmata.com
Attorneys for Defendants

13